UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY E. MORGAN and
REBECCA RYANE MORGAN,

       Plaintiffs,

CASE NO. 1:09-CV-646

v.

HON. ROBERT J. JONKER

PETER A. WALLIN, *et al.*,

       Defendants.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 75) and Plaintiffs' Objections to the Report and Recommendation (docket # 76). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

In his Report and Recommendation, Magistrate Judge Brenneman recommends that Defendants' Motion for Summary Judgment (docket # 63) be granted. Mr. Morgan filed no opposition to the summary judgment motion, despite ample time in which to do so, whether within the ordinary response period or with an extended deadline.[1] The Magistrate Judge properly noted that "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). The moving party must establish the basis for summary judgment and demonstrate the absence of a genuine issue of material fact. *Id.* at 454-55; *see also Cacevic v. City of Hazel Park*, 226 F.3d 483, 486, 492 (6th Cir. 2000). The Court agrees with the Magistrate Judge, for the same reasons the Report and Recommendation articulates, that defendants have met this burden and are entitled to summary judgment. Mr. Morgan is entitled neither to circumvent the summary judgment process at this late point nor to summary judgment on the merits in any event.

Mr. Morgan objects that he needs additional discovery to make his case. (Obj., docket # 76.) The case itself arises out of an incident that occurred during a religious service at the Emmet County jail on July 16, 2006. Mr. Morgan, who is African American, attended the service, as did

---

[1] Defendants filed the motion on November 30, 2010, and the Magistrate Judge decided the motion on March 2, 2011.

the boyfriend of Mr. Morgan's sister-in-law, Joel Dufresne, an alleged white supremacist. According to Mr. Morgan, Mr. Dufresne assaulted him during the service. Mr. Morgan contends that Defendants Wallin and Ford were aware that Mr. Dufresne posed a threat to Mr. Morgan and failed to take reasonable steps to protect Mr. Morgan in violation of the Eighth Amendment. He further asserts that Defendants Wallin and Ford were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

The surveillance video of the incident reflects that Mr. Morgan was assaulted during the religious service on July 16, 2006. It is undisputed, however, that a uniformed deputy came to Mr. Morgan's aid, immediately apprehending the assailant and escorting him out of the room. There is no evidence that Mr. Morgan had any other contact with Mr. Dufresne before the assault occurred. Nor is there evidence that Defendant Wallin or Ford had information available to them before the assault from which they could have inferred that Mr. Dufresne presented a substantial risk of harm to Mr. Morgan, or evidence that they actually drew such an inference. In the absence of such evidence, Mr. Morgan cannot prevail on his claim of unconstitutional failure to protect. *Farmer v. Brennan*, 511 U.S. 825, 829 (1994). Similarly, it is uncontested that Mr. Morgan received medical attention for injuries following the assault. He was taken to the hospital and treated there. There is no evidence that Defendants Ford or Wallin played any role in Mr. Morgan's medical care after the assault. Having had no involvement with Mr. Morgan's medical treatment, Defendants Ford and Wallin cannot have been deliberately indifferent to Mr. Morgan's serious medical needs. Mr. Morgan's claim of deliberate indifference to his serious medical needs in violation of the Eighth Amendment must fail.

To the extent Mr. Morgan brings suit against Defendant Wallin in his official capacity, the suit is treated as a suit against Emmet County itself. *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 349 (6th Cir. 2007)(citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). To sustain a § 1983 claim against the county, a plaintiff must show that the county had a policy or custom in violation of his constitutional rights. *Id.* at 347. Mr. Morgan has neither alleged nor identified any Emmet County policy or custom to support his § 1983 claims. Defendant Wallin is entitled to summary judgment regarding the claims against him in his official capacity.

The additional discovery Mr. Morgan seeks includes "the surveillance video, the security videos of [his] immediate placement after being assaulted," videos of "corridors and cells used by [Mr. Morgan and Mr. Dufresene]," and a list of all attendees of the religious service. The surveillance video of the incident is already part of the record. Mr. Morgan did receive medical treatment, and there is no evidence that anyone, including Defendants Wallin and Morgan, was deliberately indifferent to his medical needs. The additional materials Mr. Morgan seeks could not change the fundamental deliberate indifference analysis and the outcome of the case. Mr. Morgan's constitutional claims cannot succeed. Because her loss of consortium claim derives from the constitutional claims, Ms. Morgan's claim fails as well.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 75) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (docket # 63) is **GRANTED**.

**IT IS FURTHER ORDERED** that for the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

This case is **DISMISSED**.


Dated:      July 14, 2011                       /s/ Robert J. Jonker
                                                     ROBERT J. JONKER
                                                     UNITED STATES DISTRICT JUDGE